IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOSEPH E. LAWRENCE, | Cause No. CV 18-135-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| JIM SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On July 23, 2018,[1] Petitioner Joseph E. Lawrence filed this action under 28 U.S.C. § 2254.  (Doc. 1.)  Lawrence is a state prisoner proceeding pro se.  For the reasons set forth below, Lawrence's petition should be dismissed.

I.      28 U.S.C. § 2254 Petition

The Court is required to screen all actions brought by prisoners who seek relief.  28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  The Court must

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (Pro se prisoner's petition is deemed filed on date prisoner delivers it to prison authorities for mailing to clerk of court).

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 Governing Section 2254 Cases.   Because Lawrence's claims are unexhausted, his petition should be dismissed without prejudice.

## II.    Lawrence's Claims

Lawrence was convicted of sexual assault and solicitation in Montana's Twenty-First Judicial District, Ravalli County.  Lawrence appealed his convictions and argued that his conditional guilty plea, which reserved his right to appeal the district court's ruling on his motion to sever, was invalid because the district court did not rule on the pending motion before accepting Lawrence's plea.  On appeal, the State conceded the argument and agreed the underlying plea and sentence should be vacated due to the invalid plea.  The Montana Supreme Court reversed and remanded the matter and instructed the district court to vacate the entry of Lawrence's guilty plea and sentence.  *See, State v. Lawrence*, 2016 MT 209N, Or. (Mont. Aug. 23, 2016).[2]

According to Lawrence, he was resentenced on June 28, 2017, and an Amended Judgment was entered on August 9, 2017.  (Doc. 1 at 2, P 2.)[3]  Lawrence

---

[2] All state court opinions and briefing available at: https://supremecourtdocket.mt.gov/ (accessed September 5, 2018).
[3] *See also*, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3014255 (accessed September 5, 2018).

entered *Alford*[4] pleas to both Sexual Assault and Solicitation of Sexual Assault. *Id.* at 3, ¶¶ 3-5. Lawrence contends that it was unlawful for the district court to accept *Alford* pleas upon remand/resentence, based upon a recent Montana state case, *State v. Hansen*, 2017 MT 280. *Id.* at 4, ¶ 13 (A)(i). Lawrence also alleges judicial bias, prejudice, and corruption have permeated his underlying criminal case and the subsequent remand proceedings. *Id.* at 5, ¶ 13 (B)(i).[5]

On the same day that Lawrence filed his petition in this Court, he also filed a petition for state habeas relief. *Id.* at 4, ¶ 12. Lawrence asserts the only issue raised in his state habeas petition is the illegal/unlawful nature of the plea agreement. *Id.* at 6, ¶ 14. But, a review of Lawrence's initial filing in the Montana Supreme Court indicates that Lawrence references due process and constitutional violations during his remand proceedings, as well as judicial bias and malice on the part of the district court. *See, Lawrence v. Salmonsen*, OP 18-0440, Pet. at 3 (filed July 30, 2018). There, Lawrence also advances *Brady* violations, civil and constitutional rights violations, and commission of unlawful acts by the Ravalli County judiciary, prosecution, and law enforcement officers. *Id.* at 3-4.

---

[4] An *Alford* plea is the equivalent of a guilty plea, but the defendant is not required to expressly admit guilt. *North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that a defendant can enter a valid guilty plea while still maintaining his innocence if there is a factual basis for the plea).
[5] Lawrence believes there may be an ongoing investigation into by the Federal Bureau of Investigation and the United States Department of Justice into the alleged judicial wrongdoing and corruption. (Doc. 1 at 5, ¶ 13 (B)(i)).

3

Lawrence asks this Court to order his immediate release from prison, remand the matter to the state district court for further proceedings, and dismiss all charges based upon judicial bias, prosecutorial misconduct, and malice.  *Id*. at 7, ⁋ 16.

### III.   Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. §2254(b)(1)(A).  "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to

4

give application to the constitutional principle upon which the petitioner relies," *id.*
*See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).  A petitioner must meet
all three prongs of the test in one proceeding.  "Mere 'general appeals to broad
constitutional principles, such as due process, equal protection, and the right to a
fair trial,' do not establish exhaustion."  *Castillo v. McFadden*, 399 F. 3d 993, 999,
cert. denied, 546 U.S. 818 (2005).

In the present case, the Montana Supreme Court has not yet considered or
ruled upon the claims that Lawrence seeks to advance in this Court.  Before
Lawrence can file a federal habeas petition he must give the state courts one full
opportunity to review his constitutional claims.  *O'Sullivan*, 526 U.S. at 845.
Because Lawrence has not yet exhausted his available state court remedies, as
evidenced by his pending state habeas petition, this Court cannot review the
claims.  *See Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal should be **without
prejudice**, allowing Lawrence to return to this Court if and when he fully exhausts
the claims relative to his current custody.

## IV.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it
enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254
Proceedings.  A COA should issue as to those claims on which a petitioner makes
a "substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Lawrence has not yet made a substantial showing that he was deprived of a constitutional right.  Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings.  There are no close questions and there is no reason to encourage further proceedings in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  Lawrence's petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2.  The Clerk of Court should be directed to enter judgment of dismissal.

3.  A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT**
**TO FINDINGS & RECOMMENDATION**
**AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Lawrence may object to this Findings and Recommendation within 14 days.[6] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 6th day of September, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[6] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail)…3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Lawrence is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.